**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DYWANE BERNARD MORGAN, #K6495**                              **PETITIONER**

**VS.**                                        **CIVIL ACTION NO.: 1:09-CV-613-HSO-JMR**

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS**                                             **RESPONDENT**

_____

**REPORT & RECOMMENDATION**
_____

This matter is before this Court on the Respondent's Motion [10-1] to Dismiss Pursuant to § 2244(d). To date, the Petitioner, Dywane Morgan, has failed to respond to Respondent's Motion [10-1], which was filed on November 19, 2009. Having considered the Respondent's Motion [10-1], along with the entire record and the applicable law, this Court finds that Respondent's Motion [10-1] should be granted. Accordingly, Morgan's petition in the above-captioned action should be dismissed.

**PROCEDURAL HISTORY**

Petitioner, Dywane Morgan, was indicted by the Circuit Court of Harrison County, Mississippi, on charges of Possession of a Controlled Substance and Burglary of Dwelling. Morgan pled guilty to the charges on June 15, 2001. Morgan was sentenced to ten (10) years in the custody of the Mississippi Department of Corrections for the Burglary of a Dwelling charge and three (3) years in the custody of the MDOC for the Possession of a Controlled Substance charge, both to run concurrently. (*See* Ex. "A" Attach. Mot. [10-1] Dismiss.) The trial court noted that Morgan, upon entry into the MDOC, was to be placed in the Regimented Inmate Discipline program and if he

completed the program successfully, he was to be brought back before the trial court for reconsideration. *Id.*

On December 8, 2003, the Circuit Court Judge of Harrison County found that Morgan had violated the terms of his probation. Morgan's probation pertaining to the Possession of a Controlled Substance and Burglary of a Dwelling charges was revoked, and he was sentenced to serve the original three (3) years and ten (10) years, respectively. (*See* Ex. "B" Attach. Mot. [10-1] Dismiss.) Again, the sentences were to run concurrently for a total sentence length of ten (10) years. *Id.* Morgan's instant federal *habeas* petition challenges MDOC's calculation of these sentences and its denial of "trust-earned-time" status.

On August 4, 2009, Morgan filed the instant Petition for Writ of Habeas Corpus. On that same day, Morgan filed a Motion for Leave to Proceed in forma pauperis. The Motion was granted by Order on August 10, 2009. On November 19, 2009, Respondent filed the present Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d).

## **ANALYSIS**

The Respondent argues that Morgan's *habeas* petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA. A petitioner seeking federal *habeas* relief must file his federal petition within one year from the date on which "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," whichever came later. 28 U.S.C. § 2244(d)(1)(A) and (D). However, the one-year statute of limitations is subject to tolling for the period when a properly filed application for post-conviction relief or collateral review is pending. 28 U.S.C. § 2244(d)(2).

In the instant petition, Morgan challenges the MDOC's calculation of his ten (10) year

sentence and its denial of "trust-earned-time" status. (*See* Pet. [1-1].) Morgan does not challenge any of his underlying criminal convictions. Instead, Morgan challenges the MDOC's calculation of his sentences for possession of a controlled substance and burglary of a dwelling following his latest conviction of Armed Robbery on January 12, 2004. Morgan asserts that on January 12, 2004 he was sentenced to five (5) years as an habitual offender for an Armed Robbery charge, and that following that conviction, MDOC mistakenly calculated his previous sentence of ten (10) years as being mandatory and denied him "trust-earned-time" status, thus delaying his expected release from incarceration. *Id.* Respondent argues that Morgan's habeas petition should have been filed within one year of the date that the revocation judgment became final, or in the alternative, from when Morgan became aware of the way MDOC was calculating his sentences. Respondent claims that unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal *habeas corpus* petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See*, *e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

Respondent correctly notes that, under Mississippi law, there is no direct appeal from the revocation of a suspended sentence. *See Beasley v. State*, 795 So.2d 539, 540 (Miss. 2001); *Griffin v. State*, 382 So.2d 289, 290 (Miss. 1980). Thus, Morgan's sentence revocation became final on the date the Order revoking his probation was entered, December 8, 2003. Accordingly, Respondent alleges, unless Morgan filed a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before December 8, 2004, to toll the period of limitation, any habeas petition challenging the possession and burglary convictions and sentences would be filed too late. *See*

*Flanagan*, 154 F.3d at 201; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Respondent asserts that according to the records of the Harrison County Circuit Court, no motions for post-conviction relief were filed by Morgan challenging his revocation on or before December 8, 2004, and thus, the tolling provisions of 28 U.S.C. § 2244(d)(2) are not applicable to the facts of this case. Respondent notes that Morgan did file a request for administrative remedy with MDOC's Administrative Remedy Program but not until February 12, 2009. (*See* Ex. "C" Attach. Resp.'s Mot. [10-2] Dismiss.)

However, this Court believes Respondent's reliance on Morgan's date of revocation for the statute of limitations calculation on his present petition is questionable. Morgan is clearly not challenging the fact of his revocation or the sentence imposed; he is challenging MDOC's treatment of his ten (10) year sentence. Respondent proposes that Morgan should have been aware of MDOC's sentence calculations at the time his probation was revoked on December 8, 2003. The record, however, does not support this proposal. Morgan claims MDOC's sentence calculations went awry when he received a five (5) year sentence (day for day) for an Armed Robbery conviction on January 21, 2004, after his burglary and possession of controlled substance convictions. Further, Morgan claims that he did not become aware of MDOC's alleged miscalculations until 2008, however, in the same breath, Morgan subverts his broad 2008 claim of first awareness by acknowledging his efforts in August of 2007 to remedy MDOC's calculations through its administrative remedies program. (*See* Pet. [1-1].) Morgan claims that in August of 2007 he attempted to begin the ARP process within MDOC to correct its calculations of his sentence, however, due to being transferred to different facilities and losing his paperwork, Morgan claims he was forced to begin the ARP process later. *Id.* The Court notes that Morgan signed his ARP request on February 12, 2009, and MDOC began the ARP process on March 5, 2009. (*See* Ex. "C" Attach. Mot. [10-2] Dismiss.)

According to 28 U.S.C. § 2244(d)(1)(D), Morgan should have filed his petition seeking federal *habeas* relief within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This Court recognizes that there is no definitive evidence in the record stating when Morgan first became aware of the way MDOC was calculating his sentences. The Court notes that Morgan's MDOC Inmate Time Sheet shows the date of computation as being May 16, 2005. (*See* Ex. "D" Attach. Mot. [10-2] Dismiss; Ex. "A-1" Attach. Pet. [1-2].) However, the Court, using the date most favorable to Morgan, will use August of 2007 as the time period when Morgan first became aware of MDOC's time sheet calculations and not May 16, 2005, the date they were actually calculated.

Thus, Morgan became aware, at the latest, of how MDOC was calculating his sentences on August 31, 2007. Accordingly, unless Morgan filed a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before September 1, 2008, to toll the period of limitation, any habeas petition challenging the possession and burglary convictions and sentences would be filed too late.[1] *See Flanagan*, 154 F.3d at 201; *Davis*, 158 F.3d at 810. As stated earlier, the only motion or application filed by Morgan was a request with MDOC's Administrative Remedies Program filed on February 12, 2009. Thus, Respondent asserts that a "properly filed" application was not filed by Morgan on or before September 1, 2008, and thus, the tolling provisions of 28 U.S.C. § 2244(d)(2) are not applicable to the facts of this case.

The Court notes that Morgan did, on February 12, 2009, file an ARP request with MDOC regarding his sentence calculations. (*See* Ex. "C" Attach. Resp.'s Mot. [10-2] Dismiss.)

---

[1] The limitation period would have expired on August 31, 2008, which fell on a Sunday. Accordingly, Morgan's petition was due on or before the following business day, Monday, September 1, 2008.

Furthermore, the Court notes that Morgan completed every step within MDOC's ARP program, and on June 23, 2009 he received a certificate from MDOC informing him of his right to appeal its denial of relief within thirty (30) days. (*See* Exs. "D," "E," "F," "G" Attach. Resp.'s Mot. [10-2] Dismiss.) However, Respondent contends and Morgan admits that he never appealed MDOC's denial of his ARP request. (*See* Mot. [10-1] Dismiss; Pet. [1-1].)

As stated previously, unless Morgan complied with the one year statute of limitations period required by 28 U.S.C. § 2244(d)(1), any state court motion for Post-Conviction Relief or other collateral review application challenging his conviction or sentence for the possession and burglary charges must have been filed before September 1, 2008, in order to toll the limitation period. *See Flannagan*, 154 F.3d at 201; *Davis*, 158 F.3d at 810. A review of the record indicates that Morgan signed his ARP request for relief on February 12, 2009 - some 164 days after the September 1, 2008 deadline for filing Morgan's federal *habeas* petition. Therefore, Morgan failed to trigger the tolling provision of 28 U.S.C. § 2244(d)(2).

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest Morgan "filed" his petition was on July 23, 2009, the date it was signed. This date is 325 days past the September 1, 2008 deadline for filing his federal *habeas* petition. Morgan's failure to file his petition within the statutory deadline warrants dismissal of his petition. Additionally, Morgan fails to cite any rare or exceptional circumstances which would allow him to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192

F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). As noted above, Morgan has failed to respond to the Respondent's Motion [10-1] to Dismiss; therefore, he has failed to present any argument that would support equitable tolling. Therefore, Morgan's Petition is time-barred by § 2244(d).

Furthermore, not only is Morgan's petition for writ of *habeas corpus* time-barred, but it is also barred for failure to exhaust available state court remedies. Federal law is clear - a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas* relief whether he seeks relief pursuant to 28 U.S.C. § 2241 or § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956, 108 S. Ct. 352, 98 L. Ed. 2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The federal habeas corpus statutes require applicants for relief to first present their claims in state court and to exhaust all state court remedies through proper adjudication. 28 U.S.C. § 2254(b). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S. Ct. at 1205. Further, as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Since Morgan seeks a speedier release from custody and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies. Morgan has apparently exhausted administrative remedies; however, before proceeding in federal court, he must litigate the substance of his federal constitutional claims in the Mississippi courts.

A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). By Morgan's own admission he has not litigated any of his claims before the Mississippi Supreme Court. (*See* Pet. [1-1].) Therefore, his present petition should be dismissed for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b); *see also Rodriquez v. McKaskle*, 724 F.2d 463, 466 (5th Cir. 1984), *cert. denied*, 469 U.S. 1039, 105 S. Ct. 520, 83 L. Ed. 2d 408 (1984); *see also Sterling v. Scott*, 57 F.3d 451, 454 (5th Cir. 1995).

## **RECOMMENDATION**

Morgan became aware of the way MDOC was calculating his sentences no later than August 31, 2007. Thereafter, Morgan had one year or until September 1, 2008, to file a federal petition for a writ of *habeas corpus*. At the earliest, Morgan filed his federal habeas petition on July 23, 2009, some 325 days past the September 1, 2008 deadline. Furthermore, Morgan did not properly file an application for relief as contemplated by 28 U.S.C. § 2244 (d)(2) on or before September 1, 2008, to toll the period of limitation. To date, Morgan has failed to respond to the Respondents' Motion [10-1] to Dismiss. Thus, this Court finds that Morgan is entitled to neither statutory nor equitable tolling. Furthermore, Morgan has not exhausted his claims in the Mississippi courts, as he has not appealed MDOC's denial of his administrative remedies request. It is the recommendation of this Court that Morgan's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d), or in the alternative, for failure to exhaust state court remedies.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge

at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   25th   day of February, 2010.

s/ John M. Roper
CHIEF UNITED STATES MAGISTRATE JUDGE
